[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Jean Elizabeth Nissen and Mathias Hilger, the parties hereto, intermarried June 12, 1977 in Queens, New York. The parties have resided in Connecticut continuously for at least one year next preceding the date of the Complaint. The parties have one minor child Jesse Mathias Hilger, born February 22, 1982, issue of their marriage. No other minor children have been born to the wife since the date of the marriage. Until several years ago the marriage was relatively stable. There were some problems because the husband worked in New York State at Westchester County Airport and commuted. In 1997, the defendant took a job at Mobil Oil Company as an aircraft technician/crew-chief and is based in Virginia. He earns at present approximately $60,000.00 a year. In 1985, the plaintiff developed an anxiety condition and was and is being treated by physicians and psychiatrists and receives medication. It is clear from the testimony that the defendant husband did not understand the effect that the anxiety attacks had on the plaintiff and wanted her to "cope better" and get on with her life. When the plaintiff was hospitalized the defendant husband referred in conversation with her physician concerning her condition as "having her wires crossed".
The defendant testified that the anxiety condition which began at least prior to 1986 has caused a lot of stress on the relationship. Plaintiff testified that defendant did not understand the problem or want to have to deal with it. The parties in the year 1996 decided to separate and have lived separate and apart since.
Notwithstanding her medical condition, the plaintiff testified that she is physically fit and is fully cable of full time employment.
The plaintiff is presently employed and makes approximately $303.44 weekly gross pay and has medical benefits available to her through her employer. The defendant is presently employed and makes approximately $1,173.00 gross pay weekly.
The court finds based on the evidence and provision of Connecticut General Statute 46b-81(c)[1] the marriage of the parties has broken down irretrievably and that the following orders should enter:
(1) A decree of dissolution based on irretrievable breakdown.
(2) Custody of the minor child Jesse is to be joint with CT Page 11088 primary residence with the plaintiff mother and reasonable visitation to the defendant father with at least one week of vacation exclusive to the defendant father.
(3) In accordance with the income guidelines, the defendant father is ordered to pay the sum of $163.00 per week as child support.
(4) The defendant father shall continue to provide medical insurance for the benefit of the minor child so long as it is available to him through his employment. In addition, the parties shall equally share the cost of unreimbursed medical, dental, orthodontic, optical, surgical, hospital, psychiatric, psychological, nursing care and prescription drug expenses for the minor child. No elective, orthodontic, psychiatric, psychological or elective surgery shall be incurred without the prior consent of both parents which consent shall not be unreasonably withheld.
(5) The family residence at 20 Caldwell Drive, New Milford, the court finds to have a value based on the evidence of $160,000.00 less a mortgage of approximately $17,000.00. The residence is awarded to the plaintiff wife and the defendant husband is directed to quit claim his interest therein to the plaintiff wife. The defendant husband is directed to pay within the next three years the $17,000 mortgage on the residence and to hold the wife harmless therefore. The defendant husband shall name the plaintiff wife as beneficiary of life insurance in the amount of $17,000.00 in so far as said insurance is available through his employment, until the mortgage referenced herein is paid.
(6) In addition, the defendant husband is directed to pay all the real estate taxes, penalties, interest, and assessments through and to the date of this decree and to hold the plaintiff wife harmless therefore. The furnishings in the house, all furniture and household items are to be divided equally between the parties.
(7) The tools and all items of personal property related to the tools and equipment and the tool bench are awarded to the defendant husband. Any and all firearms, property of the defendant husband presently located at the New Milford residence or elsewhere are awarded to the defendant husband. CT Page 11089
(8) The Mobil Oil IRA and retirement plan the court finds to be valued at $146,907.00. The Mobil Oil IRA and retirement plan are awarded to the defendant husband free and clear of any claims by plaintiff wife.
(9) The Texaco, Inc. Retirement Plan and accounts are to be divided equally between the parties as of the present date. Counsel for defendant shall prepare the appropriate QDRO for presentation to the court for its approval.
(10) The defendant will transfer all his right, title and interest to the 1995 Plymouth Avenger to the plaintiff wife. The defendant is awarded the other two vehicles, the 1986 Volkswagon Golf and the 1980 Volkswagon Dasher. Any motorcycles in the possession of the parties property of the Defendant are to remain the defendants.
(11) The defendant shall name the plaintiff as trustee for the minor child for life insurance in the amount of $50,000.00 as available to him as an incident of his employment. The A.G. Edwards account is to be held in trust with the defendant as trustee for the benefit of the minor child.
(12) The defendant is ordered to pay in accordance with his affidavit the Student Loan Co. debt. Texaco Loan Program, BRAVO Card, First USA Bank and the balance due New Milford Town Taxes previously noted in paragraph (6) hereof.
(13) The wife is ordered to pay all of the liabilities listed on her financial affidavit.
(14) The court awards no counsel fees to either party.
(15) The court awards the plaintiff $1.00 alimony modifiable only to the extent necessary to carry out the direction of this decree.
(16) The defendant is awarded the tax exemption for the minor child Jesse Hilger.
KOCAY, J.